Laíno, Demandante y Apelante, *v.* Blondet et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Guayama en pleito sobre indemnización de daños y perjuicios.

Moción del demandado solicitando el traslado del pleito.

No. 1984.—Resuelto en mayo 1, 1919.

Traslado del Pleito—Prejuicio.—El hecho de que los funcionarios de una corte puedan tener prejuicios contra un litigante no es fundamento bastante para que se le conceda el traslado del pleito, pues se presume que el juez gobierna su casa y que de no tener prejuicio personal hará que se haga justicia a las partes que están ante él.

Id.—Id.—Para que el prejuicio justifique el traslado del pleito, debe ser el prejuicio personal del juez y demostrarse mediante prueba tendente a establecer hostilidad personal o mediante tales decisiones y resoluciones arbitrarias de las cuales se deduzca necesariamente el prejuicio; pero meras resoluciones, por erróneas que sean, no pueden demostrar prejuicio.

Id.—Discreción de la Corte.—Un fundamento como el de "interés de la justicia," aún suponiendo que esté comprendido en las palabras estatutarias "por cualquier motivo," no es bastante para la concesión de un traslado a discreción de la corte, a menos que tal motivo se alegue y se demuestre.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Cayetano Coll Cuchí, Gustavo Crusado Silva y José T. Aponte.*

Abogados de los apelados: *Sres. Hugh R. Francis, Angel de Jesús y Juan B. Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

No es necesario seguir paso a paso todos los procedimientos preliminares de la solicitud de traslado que fueron presentados a la Corte de Distrito de Guayama. Al hacerse dicha solicitud se encontraba el caso debidamente ante aquella corte y sujeto a la facultad de la misma para trasladarlo a otro distrito, mostrándosele hechos que justificaran dicho traslado. Oída una moción de traslado y considerado el hecho de no haber llegado las partes a un acuerdo respecto a la corte a la cual había de hacerse el traslado, la Corte de Distrito de Guayama ordenó que el caso fuera trasladado a la Corte de Distrito de Ponce, y contra las dos resoluciones ordenando el traslado de la causa es que se interponen las apelaciones.

La moción de los apelados subsiste en efecto por el fundamento de que el Juez de Distrito de Guayama tenía prejuicios contra el premovente y también se alegó en ella que existían prejuicios por parte de los empleados de la corte. Podemos prescindir inmediatamente de la alegación referente a que los empleados de la corte tenían prejuicios contra los apelados. Tal hecho no constituye fundamento legal para un traslado y debe presumirse concluyentemente que el juez gobierna su propia casa y que de no tener prejuicios él mismo, verá que se haga justicia a las partes ante él. No encontramos ni sostenemos que hubiera tal prejuicio por parte de los empleados. En esta apelación solamente existen dos verdaderas cuestiones: la primera es, si se demostró o no que hubiera habido prejuicio por parte del juez, y la segunda si no mostrándose tal cosa, se ejercitó la debida discreción al trasladar la causa. Estas dos cuestiones pueden ser consideradas conjuntamente.

Si una corte ha desestimado una demanda el día señalado para el juicio y luego restablece la causa, siendo tan amplias

y liberales las facultades de la corte, de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil, sería necesaria una prueba excesivamente poderosa para que pudiera inferirse que hubo prejuicio. Generalmente es una medida superior de justicia restablecer una causa que nunca ha sido oída que obligar a un demandante a empezar el caso de nuevo. Aun cuando el dejar de imponer costas legalmente constituya abuso de discreción, no era ni podía demostrar prejuicio.

Ni al desestimar el juez la denuncia formulada contra el apelado podía considerarse como prejuicio que el juez no hubiera obligado a volver a declarar a un testigo hostil que había sido excusado temporalmente; ni tampoco que la corte al resolver a favor del apelado Blondet impide el esclarecimiento en ese procedimiento particular de la hostilidad de la familia Laíno contra la familia Blondet, ni nada de lo demás que ocurrió en aquel caso como no demuestre la hostilidad del juez contra el apelado. El apelado cita en su alegato el caso de *Avila* v. *Melherin,* 69 Cal. 478, con otro objeto, o sea el de demostrar la discreción. Pero en ese caso el fundamento del prejuicio era la gran amistad personal que existía entre la corte y una de las partes. El prejuicio que ha de alegarse tiene que ser personal del juez y debe demostrarse, ya mediante prueba tendente a mostrar una hostilidad personal, o por tales decisiones y órdenes arbitrarias, de las que se infiera necesariamente el prejuicio; pero no podían las meras resoluciones, por erróneas que fueran, demostrar prejuicio.

No se demostraría prejuicio aun cuando la corte hubiera formado la opinión de que Laíno no tenía un arma en su mano cuando ocurrieron las hostilidades, las que parecen ser el fundamento de la causa de acción sometida a nuestra consideración. Tal opinión podía ceder a la prueba, como ocurre en el caso de un jurado. Sin embargo, aun cuando de los hechos de un caso que fueron realmente sometidos a un jurado (siendo los procedimientos por acometimiento y agresión con intención de cometer homicidio resueltos contra uno

de los apelados) hubiera tenido el juez una opinión determinada, tal opinión no constituiría prejuicio y se presumiría,
todavía, que el juez celebra la causa de acuerdo con la prueba
presentada.

A la verdad, que en esta corte las partes no insisten en
que se hubiera demostrado el prejuicio del juez. Dichas partes más bien sostienen que la corte de distrito tenía discreción y que esta corte no puede revocar la sentencia a menos que se demuestre que hubo abuso de discreción. Somos,
sin embargo, de opinión, de que la corte de distrito, por los
hechos que le fueron sometidos, no existiendo ninguno que
tienda a demostrar prejuicio, no estaba obligada a ejercitar
su discreción.

El caso estaba dentro de la jurisdicción de la Corte de
Distrito de Guayama. El derecho de una corte para trasladar una causa no es personal en el juez; pero si el pleito
se comienza o somete debidamente, las partes adquieren derechos a que el caso sea oído en la corte en que la acción
está pendiente, a menos que se justifique la razón que existe
para invocar la facultad que tiene la corte para trasladar la
causa. Los artículos 79 y 81 del Código de Enjuiciamiento
Civil establecen este derecho a la celebración del juicio. Si
una corte trasladara una causa sin mostrársele hechos que
justifiquen dicho traslado, cualquiera de las partes tendría
derecho a que se revocara su acción. No podía existir presunción de prejuicio o de cualquier otro hecho que autorice
el traslado. *De non apparentibus et non existentibus eadem
est ratio.* No hubo demostración alguna de prejuicio y la facultad de la corte para verificar el traslado nunca fué invocada debidamente.

El apelado insiste y cita los artículos 83 y 84 del Código
de Enjuiciamiento Civil en que la corte puede, en bien de
la justicia, ordenar el traslado de una causa.

"Art. 83.—La corte podrá, previa moción, cambiar el lugar del
juicio en los siguientes casos:

"1. Cuando el distrito designado en la demanda no es el correspondiente.

"2. Cuando hubiere motivo para creer que un juicio imparcial no puede celebrarse allí.

"3. Cuando la conveniencia de los testigos y los fines de la justicia se beneficiasen con el cambio.

"4. Cuando, por cualquier motivo, el juez estuviere incapacitado para entender en el asunto.

"Art. 84.—Si un pleito o procedimiento se iniciare o estuviere pendiente ante una corte, y el juez de ésta estuviere incapacitado para actuar, o si por cualquier motivo la corte ordenare un cambio en el lugar de la vista, deberá aquél trasladarse a un tribunal convenido por las partes mediante estipulación por escrito o celebrada ante la corte y consignada en su libro de actas; y si no llegasen a ponerse de acuerdo, entonces se trasladará el asunto a la corte más cercana en que no exista el mismo inconveniente o la causa que originó el traslado, verificándose éste a otra corte de distrito, como sigue:

"1. Si en la corte de distrito, a otra corte de distrito."

Un fundamento tal como el de "los intereses de la justicia," no se menciona en ninguna de las secciones, pero suponiendo que este fundamento esté comprendido en las palabras "por cualquier causa," aun así debe mostrarse dicha causa. Deberá notificarse a la otra parte respecto a dicha causa y ser oída. Como ya hemos dicho, no puede presumirse la causa. No constituye fundamento alguno para los fines de la justicia el que determinado juez hubiera oído algunos o a todos los hechos que ahora están envueltos en otro juicio entre las mismas partes, o que tenga alguna idea sobre los méritos del caso. Sin detenernos a examinar los principios que regulan la devolución de un caso al juez que primeramente conoció del mismo, podemos indicar que dichos segundos juicios son especialmente frecuentes en sitios en que un solo juez constituye la corte. Las partes tienen todavía el derecho de ser oídos en esa corte.

También sostuvo el apelado que el juez se sintió con prejuicio como podría inferirse de su actuación ordenando el traslado de la causa. Aun cuando el juez así se sintiera,

todavía tenía el apelante derecho a un juicio ante la Corte de Distrito de Guayama de no mostrarse razón para el traslado. Si el juez sintió tal prejuicio, su deber era hacerlo constar en autos antes de hacer ineficaz el derecho que tenía el demandante a ser oído en Guayama.

Además, si se examina la opinión de la corte se verá que en ella se niega expresamente tal prejuicio. Los motivos de delicadeza que influyeron en el juez no constituyen fundamento para el traslado de una causa.

Las resoluciones de enero 28. y febrero 10, 1919, deben ser revocadas.

> *Revocadas las resoluciones dictadas por la Corte de Distrito de Guayama en enero 28 y febrero 10 de 1919.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.